**UNITED STATES of America**

v.

**ANONYMOUS.**

United States District Court
District of Columbia.

Sept. 9, 1959.

Motion to Dismiss Indictment Granted
Sept. 14, 1959.

John W. Warner, Jr., Asst. U. S. Atty., Washington, D. C., for the United States.

Harry A. Calevas, Kevin P. Charles, Washington, D. C., for defendant-movant.

YOUNGDAHL, District Judge.

This case is before the Court on defendant's motion to dismiss the indictment and have the Court proceed in the same manner the juvenile court would have proceeded had it retained jurisdiction. D.C.Code § 11–914.

On June 26, 1959, four complaints were filed in the juvenile court of the District of Columbia charging the defendant, a 17 year old, with three assaults with intent to commit robbery and one robbery. After a full investigation, the juvenile court, pursuant to the above-cited statute, waived jurisdiction and ordered the child held for trial under the regular procedure of this Court.

Initially, upon the hearing of defendant's motion last Friday, the Court was disturbed with the possibility that a "full investigation" before waiver, as required by the statute, might not have

been made. This was due in part to counsel's statement that the juvenile court authorities had not discussed the case with the parents of the child here involved, and in part to the Court's full awareness of the serious, intolerable and overburdened conditions in the juvenile court. Yesterday, this Court issued a subpoena duces tecum for the juvenile court's social and legal records pertaining to this boy. After a careful study of these records, the Court is convinced that the statute was fully complied with: a "full investigation" had been conducted prior to this boy's waiver. His parents were interviewed; the principal of his school was contacted and conferred with; the school record was examined; the boy himself was seen and talked with. Much information regarding the boy's background, his present circumstances, and his potentialities was acquired.

 A waiver was then ordered. This Court is now faced with the question of whether the boy should be proceeded against as if he were an adult—with the ensuing probability that he would then be branded with the mark of "criminal" for the rest of his life—or whether this Court, pursuant to the authority given it by § 11–914, should convene a juvenile court and treat the boy exactly as would the juvenile court had it retained jurisdiction over him.

This Court has decided that in the best interests of this boy and the protection of society, it is compelled to choose the latter path. This decision has been made with full appreciation of the handicaps that must be undertaken in order to proceed in this manner. Clearly, the District Court was not intended to be the juvenile court. Moreover, this Court is already pressured by congestion in the number of cases with which it is confronted. Nevertheless, so long as this Court is faced with the necessity of determining whether a juvenile should be tried as would an adult or treated as a juvenile, it must consider which proceeding is more likely to protect society without the loss of salvageable children.

While the crimes with which this boy is charged are serious, they occurred over a relatively short period of time. There was no violence connected with them and no weapon of any sort was used. There is nothing in the boy's background to indicate any proclivity towards anti-social behavior. He has no past criminal or juvenile record of any sort.

The defendant's motion to dismiss the indictment is granted, the record shall be expunged, a petition filed, and the Court will proceed in accordance with the Juvenile Court procedural rules. Pee v. United States, D.C.Cir., —— F.2d ——.

This case having come before the Court on defendant's motion to dismiss the indictment and have the Court proceed in the same manner the Juvenile Court would have proceeded had it retained jurisdiction, after oral argument and careful consideration of the records and files in the case, including the social and legal records in the Juvenile Court of the District of Columbia, and for the reasons set forth in the Court's memorandum of September 9, 1959, it is by the Court this 14th day of September, 1959,

ORDERED, that defendant's motion to dismiss the indictment be, and the same is hereby, granted; and

IT IS FURTHER ORDERED, that the docket entries and all other records pertaining to this criminal case be impounded until further order of the Court; and

IT IS FURTHER ORDERED, that petitions shall be filed in this Court by the persons originally informing the Juvenile Court of the charges in this case, to wit: Juvenile Officer Fred R. Miller and Juvenile Officer Howard L. Lewis of the Metropolitan Police Department, Youth Aid Division; and

IT IS FURTHER ORDERED, that all records in these proceedings which shall hereinafter be conducted in this case shall be kept separate and apart from all other records in this Court and shall be open to inspection only as is provided by D.C.Code, Section 11–929.