Jerry L. GREEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16442.

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1962.

Decided July 19, 1962.

Mr. Ewing Laporte, Washington, D.
C. (appointed by this court), for appellant.

Mr. Daniel A. Rezneck, Asst. U. S.
Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and
Victor W. Caputy, Asst. U. S. Attys.,
were on the brief, for appellee. Messrs.
Charles T. Duncan, Prin. Asst. U. S.
Atty., John R. Schmertz and Anthony G.

Amsterdam, Asst. U. S. Attys., also entered appearances for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

Appellant, a seventeen-year old juvenile, was convicted of robbery by a jury in the District Court. His indictment and trial followed a "waiver of jurisdiction" by the Juvenile Court in which the judge of that court stated:

"By the authority vested in me under Section 13 of the Juvenile Court Act of the District of Columbia of June 1, 1938, 52 Stat. 559, Ch. 309, as amended, and after full investigation, I do hereby waive jurisdiction over the following offense, which would amount to a felony if committed by an adult, charged against Jerry Lee Green, born January 23, 1944, of 918 M Street, N.W. Apt. 43, in the District of Columbia,

"(a) Robbery (Armed-Holdup): Date of offense—on or about December 23, 1960, in the vicinity of 401 Vee Street, N.W. Complainant: Henry Albert.

"(b) And/or any other offenses, arising out of the acts or transactions set forth in (a) above,

and I do hereby order said child held for trial for such offense under the regular procedure of the U. S. District Court for the District of Columbia."

At trial, this statement was offered in evidence by the prosecution. Appellant's court-appointed counsel did not object. The court then suggested that the prosecution read the waiver to the jury. It specifically asked defense counsel if he objected, and he said no. After the reading, the court told the jury that "this was simply a waiver of jurisdiction by the Juvenile Court." Finally, after the jury entered upon its deliberation, it requested the exhibits in the case which consisted of a written statement which appellant gave the police and the Juvenile Court's waiver. Defense counsel stated he had no objection.

The District Court granted leave to appeal in forma pauperis and we appointed new counsel to prosecute the appeal. He urges, *inter alia*, that the utilization of the waiver was plain error affecting substantial rights. Rule 52(b), Fed.R.Crim.P., 18 U.S.C.A. We agree.

■■■ The Juvenile Court's waiver of jurisdiction, whatever else it is, is also a judicial finding of probable cause to believe the accused guilty. Among the factors considered by the Juvenile Court in deciding whether to waive jurisdiction is:

4. The prosecutive merit of the complaint, i. e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney).[1]

To receive this waiver in evidence is like receiving in evidence the finding of a magistrate in a proceeding under Rule 5, Fed.R.Crim.P., that there is probable cause to believe the defendant guilty of the crime charged against him. There is danger that the jury, in both instances, would draw the inference that a judicial officer has already concluded that the accused is guilty (or at least probably guilty).

The Government urges that "any uncertainty the jury might have about the significance of the waiver" was counteracted by the court's statement to the jury that it was "simply a waiver of jurisdiction." On the contrary, we think this highlighted the inference that the accused was such a "bad actor" that the Juvenile Court should not handle him. Nor can we agree with the Government's characterization of the trial judge's only other reference to the waiver as "matter-of-fact and non-prejudicial." The reference in question was: "The only waiver in the case is as to the defendant Green." Throughout the testimony the five alleg-

1. Juvenile Court of the District of Columbia, Policy Memorandum No. 7, Nov. 30, 1959.

ed participants in the robbery[2] are referred to as "boys." The jury, therefore, could well have believed that at least some of the five were, like appellant, juveniles. In that light, the judge's statement that the Juvenile Court waived only as to appellant intensifies the prejudicial effect of the evidence of the waiver.

The jury, of course, did not state its purpose in requesting that the waiver be sent into the jury room. This purpose would be difficult to fathom except in terms of an interest in the Juvenile Court's reasons for waiving jurisdiction. The compliance with that request, considered in the circumstances under which the waiver was admitted in evidence in the first place, deprived appellant of a fair trial. The conviction must be reversed and the case remanded to the District Court for a new trial.[3]

Appellant also argues that his conviction should be reversed for lack of jurisdiction for the reason that the Juvenile Court's waiver to the District Court was invalid. The alleged invalidity is that the Juvenile Court failed to order the filing of a petition, to be followed by issuance and service of a summons.[4] That procedure is said to be indispensable to the Juvenile Court's acquisition of jurisdiction which, in turn, is said to be indispensable to a waiver. We cannot accept this argument of the appellant.

■ The jurisdictional interrelation of the Juvenile Court and District Court is a creature of the Juvenile Court Act, D.C.Code § 11–901 et seq. (1961). The purpose and general structure of that statute have been repeatedly explained

in our opinions.[5] For present purposes, it is enough to say that the waiver of Juvenile Court jurisdiction, upon which District Court jurisdiction attaches, depends upon a "full investigation" by the Juvenile Court. The petition-summons procedure is required only when the director of social work of the Juvenile Court, after investigation, finds that Juvenile Court jurisdiction "should be acquired." D.C.Code § 11–908 (1961). Nothing in the statutory scheme requires the useless gesture of filing a petition and issuing a summons when the finding of the director and his recommendation to the Juvenile Court judge is that jurisdiction be waived.

■ What is required before a waiver is, as we have said, "full investigation." Such "full investigation," as we view it, is far more meaningful than the petition-summons procedure. It prevents the waiver of jurisdiction as a matter of routine for the purpose of easing the docket. It prevents routine waiver in certain classes of alleged crimes. It requires a judgment in each case based on "an inquiry not only into the facts of the alleged offense but also into the question whether the *parens patriae* plan of procedure is desirable and proper in the particular case." Pee v. United States, 107 U.S.App.D.C. 47, 50, 274 F.2d 556, 559 (1959).

■■ Except for appellant's representation that the petition-summons procedure was not followed in the Juvenile Court, the record before us is silent as to what transpired in that court. If it is appellant's contention that the Juvenile Court failed to make the "full investi-

---

2. All five were named in the indictment. Green and another were tried together, a third pled guilty, and the indictment against the fourth was dismissed. The record does not indicate the disposition of the charges against the fifth alleged participant.

3. The arguments in the briefs concerning the admission of various inculpatory statements by the appellant center largely around the applicability of our decision in Harling v. United States, 111 U.S. App.D.C. 174, 295 F.2d 161 (1961).

Since that decision will be applicable in any new trial, we need not now discuss the arguments. Nor need we consider other alleged errors which are not likely to occur in the new trial.

4. D.C.Code §§ 11–908, 909, 910 (1961).

5. E. g., Harling v. United States, 111 U.S. App.D.C. 174, 295 F.2d 161 (1961) ; Pee v. United States, 107 U.S.App.D.C. 47, 274 F.2d 556 (1959); Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 236 F.2d 666 (1956).

gation" required by the statute, he is free to make that contention to the District Court upon our remand. That court, upon sufficient allegations, should conduct such proceedings as may be necessary to determine whether "full investigation" was made by the Juvenile Court and, if so, whether appellant should nevertheless be afforded the *parens patriae* treatment provided in the Juvenile Court Act. See United States v. Anonymous, 176 F.Supp. 325 (D.D.C. 1959). In view of appellant's unsuccessful efforts to obtain access to the records of the Juvenile Court, we deem it proper to point out that the District Court, if it adopts the procedure utilized in United States v. Anonymous, supra, should make available for inspection by appellant's counsel all pertinent records of the Juvenile Court, with due regard to the necessity of keeping secret any specific parts or sources thereof. These records may be sealed and included in the record on any further appeal.

So ordered.

BURGER, Circuit Judge (concurring).

### (1)

I concur in remanding for a new trial acting under Rule 52(b), Fed.R.Crim. P., because the terms and language of the Waiver Order are such that there is grave risk of undue prejudice to appellant. Its recital that the Juvenile Judge acted "after full investigation" carries with it an implication that appellant's case was so serious and his crime so grave that a "youth court" could not adequately deal with him. However we as judges might view the form and language of the waiver, we cannot escape the possibility, if not probability, that jurors would attach an inordinate weight to what appears to be a "finding" by the Juvenile Judge—a judicial officer experienced and skilled, as they would reasonably think, in making appraisals of juveniles. The fact that the jury called for the document after its *legal* effect had been fully and correctly explained by the District Judge, suggests a strong possibility that they wanted it

for some purpose relating to their evaluation of the *facts* of the case.

### (2)

As to the second phase of the remand I think we must leave it within the sound judicial discretion of the District Court to determine whether appellant's allegations, as now made or hereafter amended, are legally sufficient to rebut the presumption of regularity in the proceedings which led to the Juvenile Court's finding "after full investigation" that his jurisdiction should be waived. There is nothing which now appears to cast doubt on the adequacy of the "full investigation" which the Juvenile Judge states he made.

### (3)

In United States v. Anonymous, 176 F.Supp. 325 (D.D.C.1959), Judge Youngdahl exercised undoubted power to hear a "waived" case sitting, for all practical purposes, as a Juvenile Court and using the same powers. In so doing it was appropriate for him, since he was no longer treating the accused as an adult, to have before him all records available to the Juvenile Judge. This is indicated further by his action in sealing the records in the case and maintaining anonymity of the accused youth as would be done in Juvenile Court but not in the District Court in an adult criminal case. In the case now before us the District Judge acted on the waiver and treated appellant as an adult offender. Hence the procedure followed by Judge Youngdahl in United States v. Anonymous, supra, is not relevant here.

I read the opinion of the court as meaning that a District Judge treating with a defendant whose case has been waived by the Juvenile Court may properly (a) examine Juvenile Court records *in camera*, (b) make available to defense counsel such parts of the Juvenile Court records which under the statutes and Juvenile Court Rules may be viewed by counsel but without access to portions as to which the District Judge considers secrecy should be preserved, specifically the sources of information supplied to

the Juvenile Court in confidence. However, our holding does not relate to a case where, as in United States v. Anonymous, supra, the District Judge exercised his power to fulfill the functions as a Juvenile Judge. When the District Judge is so acting, the records are available to the "accused" juvenile only to the extent they would be available to him in the Juvenile Court and no more.