William FRANKLIN, Appellant,

v.

UNITED STATES of America,
Appellee.

Norman G. PRICE, Appellant,

v.

UNITED STATES of America,
Appellee.

Joseph J. BROOKS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17586, 17636, 17767.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1963.

Decided Dec. 12, 1963.

Amended March 12, 1964.

Petition for Rehearing En Banc Denied
March 12, 1964.

Mr. Robert M. Beckman, Washington, D. C. (appointed by this court), for appellant in No. 17,586.

Mr. Peter D. Ehrenhaft, Washington, D. C. (appointed by this court), for appellant in No. 17,636. Messrs. Oscar Cox and Joseph D. Whiteman, Washington, D. C. (both appointed by this court), were on the brief for appellant in No. 17,636.

Mr. Bernard W. Kemp, Washington, D. C. (appointed by the District Court), for appellant in No. 17,767.

Mr. Gerald A. Messerman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

Appellants were convicted on one count of an indictment charging rape.[1] They ask reversal of their convictions on the grounds that they were improperly charged together in one count, that there was insufficient proof that they aided and abetted each other in the commission of a joint offense, and that the court failed to charge the jury on the joint nature of the crime charged or on the need for corroboration as to identity in proof of rape. Appellant Price also makes the point that the trial court failed to consider his application to be tried as a juvenile.

The evidence indicated that on the early morning of March 13, 1962, four men, the appellants here plus one Carrell, came upon a parked car in a totally unlighted area in which the victim was sitting with her date. After a fight between appellant Brooks and the date in which the date was knocked to the ground, Franklin, Carrell, Price and an unidentified person are said to have raped the victim while Brooks held the date at bay on the ground.

An immediate report of the incident was made to the police, at which time the victim stated she recognized Brooks as the man who had assaulted her escort. She did not identify her attackers by name at that time. On trial she testified that she had known Price and had seen Franklin on several occasions prior to the assaults. At first she was not sure she could identify Franklin because at the time of his assault her face was partially covered with a coat which allowed her to see only a part of his face. The victim's escort identified appellants Brooks and Price but was unable to say that appellant Franklin was present on the occasion in question. Fingerprints of Price and Carrell were found on the car, and medical evidence confirmed that the victim had been savagely raped.

I.

The count on which appellants were convicted merely charges that "[o]n or about March 13, 1962, within the District of Columbia, Joseph J. Brooks, Reginald Carrell, William Franklin and Norman G. Price had carnal knowledge of a female named Paulette H. Jackson, forcibly and against her will." Thus there is no indication

---

1. 22 D.C.Code § 2801 (1961), in pertinent part, reads:
"Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not more than thirty years:
* * *."

from the indictment as to whether the grand jury charged one or several rapes. The defendants, however, did not move for a bill of particulars to require the Government to disclose what it intended to prove under the charge. If the Government had disclosed before trial that the count embraced not one but four rapes, the count may have been subject to dismissal on the ground of duplicity and misjoinder. See Rule 8(a) and (b), F.R.Cr.P.; 4 Wharton, Criminal Law and Procedure § 1860 (1957). At least the Government may have been required to elect the rape on which it intended to rely for conviction. But, defendants having failed to attack the indictment *in limine*, or even during the trial, the duplicity and misjoinder were cured by the verdict. Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 41 L.Ed. 289 (1896); Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709 (1896); Connors v. United States, 158 U.S. 408, 15 S.Ct. 951, 39 L.Ed. 1033 (1895); 4 Wharton, *op. cit. supra* § 1885.

## II.

■ Appellants' attack on the instructions centers on the absence of guidance to the jury concerning the elements of the joint offense which the Government apparently contends the count charges. Appellants' argument here is that, assuming they were charged with committing rape jointly, the court, except as to appellant Brooks, failed to advise the jury as to the degree of participation in the over-all offense required before the defendants could be found guilty. In fact, appellants allege the jury was not even advised as to what the over-all joint offense charged in the indictment was.

It is true that the court's charge made no reference to the elements of a joint offense or to the participation which would be required for conviction of the joint offenders. It did charge [2] that Brooks, since the Government's evidence indicated he held the victim's escort while the others raped her, could be found to have aided and abetted in the commission of the offense and therefore be found guilty as a principal.

We, like the District Court, have some difficulty with the concept of a joint offense charged in a single count involving four rapes. Undeniably, on the Government's evidence, Brooks was an aider and abettor and therefore chargeable as a principal. 18 U.S.C. § 2. But the record is unclear as to what joint crime the Government sought to prove and as to what Price and Franklin did, in addition allegedly to committing rape themselves, to aid and abet in the commission of the joint crime. We need not, however, determine whether the evidence of joint participation, other than as to the

---

2. The trial court's charge, in pertinent part, reads:

"The second count charges rape, and it is very short and reads as follows:

"On or about March 13th, 1962, within the District of Columbia, Joseph J. Brooks, Reginald Carrell, William Franklin, and Norman G. Price, had carnal knowledge of a female named Paulette H. Jackson, forcibly and against her will.

"It is the contention of the Government that the defendants Price, Carrell and Franklin actually had sexual intercourse with Paulette Jackson forcibly and against her will, and that Joseph J. Brooks was an aider and abettor, as the law calls him, in that he stood guard over Paulette Jackson's escort, to prevent him from coming to her aid and thereby saving her from being raped.

"Now, the law on that point is that any person who aids or abets another or assists another in the commission of a crime is as guilty of the offense as though he had himself committed it; and the theory of the Government and the contention of the Government is that the defendant Brooks, although he did not actually rape the victim, the complaining witness, he aided and abetted the others by preventing help from coming to the rescue of Paulette Jackson, knowing what was being done to her.

"Now, what is rape? Rape is defined in the District of Columbia Code as having carnal knowledge of a female forcibly and against her will. The words carnal knowledge are synonymous with sexual intercourse."

appellant Brooks, is sufficient or whether the instruction on this subject was deficient since, as shown *supra* in Part I, the evidence indicated that Price and others did commit rape and that Brooks aided and abetted them.

### III.

 Appellant Franklin contends that his participation in the rape was not adequately corroborated. He also attacks the instructions, claiming that the trial court refused to charge the jury that corroboration of identity was required in proof of rape. Appellant Franklin alone challenged the court's rulings on the issue of corroboration of identity. And it appears that as to him alone corroboration is lacking in the Government's case. The victim's escort, Bellamy, identified Brooks and Price. He was unable, however, to identify Franklin as a participant in the crime. Since appellants Brooks and Price did not except to the court's charge on corroboration of identity, and since there was evidence in the Government's case on which the jury could have found corroboration as to them, allowing the case against them to go to the jury without such instructions was not plain error. Rule 52(b), F.R. Cr.P. As to Franklin, however, the issue being preserved by a motion for judgment of acquittal at the close of the Government's case, and in the absence of corroboration at that time, his conviction must be reversed. Subsequent testimony introduced as part of his or co-defendants' cases cannot—at least where, as here, co-defendants' testimony inculpated him—be considered in ruling upon a Rule 29(a), F.R.Cr.P., motion, or reviewing it on appeal. Cephus v. United States, 117 U.S.App.D.C. ——, 324 F.2d 893 (1963).

The latest expression of this court as to the need for corroboration in proof of rape is Walker v. United States, 96 U.S.App.D.C. 148, 223 F.2d 613 (1955). We adhere to the teaching of that case. As Judge Bazelon observed in Walker, dissenting on the ground that the facts there did not make out corroboration:

"In a majority of the American jurisdictions which follow the corroboration rule, corroboration is required on both the matter of the *corpus delicti* (penetration by force) and the matter of the identity of the accused. [Footnote citations omitted.] Decisions of this court demonstrate—and my brethren do not say otherwise—that the rule has been so applied in this jurisdiction. [Footnote citation omitted.] * * *"

96 U.S.App.D.C. at 155, 223 F.2d at 620. Judge Bazelon added, "I have found no case in which this court has affirmed a rape conviction in the absence of substantial corroboration of identity." 96 U.S. App.D.C. at 156, 223 F.2d at 621. This requirement is indicated in the statement of the rule in Kidwell v. United States, 38 App.D.C. 566, 573 (1912), quoted in Ewing v. United States, 77 U.S.App.D.C. 14, 16, 135 F.2d 633, 635, cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1942), and Walker v. United States, *supra*, 96 U.S.App.D.C. at 152, 223 F.2d at 617:

"* * * We are aware that a conviction for this offense will be sustained upon the testimony of the injured party alone. But where the courts have so held, the circumstances surrounding the parties at the time were such as to *point to* the probable guilt of *the accused,* or, at least, corroborate *indirectly* the testimony of the prosecutrix. * * *"

(Emphasis added.)

And in McKenzie v. United States, 75 U.S.App.D.C. 270, 273, 126 F.2d 533, 536 (1942), we held that in charging the jury, "failure to say in plain words that if the circumstances of the identification were not convincing, they should acquit, was error." Although the danger of an erroneous identification in a rape case is not of the same magnitude as the danger of a fabricated rape, both dangers are comprehended in Lord Hale's warning against reliance on the prosecutrix' testimony: "[Rape] is an accusation easily to be made and hard to be proved,

and harder to be defended by the party accused, tho never so innocent." 1 Hale, Pleas of the Crown *635.

■ In arguing corroboration as to the identity of Franklin, the Government relies on the extrinsic evidence showing that the victim was raped. But where, as here, the Government's own evidence shows that she was raped several times, merely showing that she was raped is no corroboration of an accused as one of the offenders. In Kidwell v. United States, supra, the fact of intercourse had been established through proof of pregnancy, and that fact was taken by the trial court to be corroborative of the prosecutrix' testimony of rape by the accused. But this court ruled that evidence should have been received on whether or not the prosecutrix had had sexual relations with other men at that time, for, if so, this court held, the proof of intercourse "would have lost its corroborative force" as to the guilt of the accused. 38 App. D.C. at 572. Perhaps, in the circumstances of a particular case, a convincing identification by the complaining witness based on adequate opportunity to observe need not be further corroborated, but this is not such a case. Compare Walker v. United States, supra.

The Government also relies on Roberts v. United States, 109 U.S.App.D.C. 75, 284 F.2d 209 (1960), cert. denied, 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed.2d 60 (1961), which shows that circumstantial evidence may corroborate identification. There the assailant was identified by the clothes he was wearing. On the day following the assault, he was found in those clothes. Here the victim did say that Franklin was wearing a stocking cap at the time of the rape. But corroboration is not thus established, because there is no other evidence that Franklin ever had a stocking cap.

The governing statute, 28 U.S.C. § 2106, authorizes an appellate court, when it is "just under the circumstances," to "revers[e] for insufficiency of the evidence to sustain the verdict and reman[d] for a new trial." Bryan v. United States, 338 U.S. 552, 555, 70 S.Ct. 317, 319, 94 L.Ed. 335 (1950); see also cases there collected. Even though the District Court should have granted a judgment of acquittal, in reversing a conviction this court has power to remand "with instructions to grant a new trial if the Government shall request it; or, absent such request, to enter a judgment of acquittal." Wright v. United States, 102 U.S.App.D.C. 36, 42, 250 F.2d 4, 10 (1957) (*en banc*); Communist Party v. United States, 118 U.S.App.D.C. ——, 331 F.2d 807 (No. 17,583, decided December 17, 1963). Accord, Douglas v. United States, 99 U.S.App.D.C. 232, 240, 239 F.2d 52, 60 (1956). Since the opinion of this court in Cephus v. United States, *supra,* had not been handed down at the time this case was tried, we have concluded that it is "just under the circumstances" to grant the Government this option. 28 U.S.C. § 2106.

## IV.

At the time of the offense appellant Price was a juvenile. The jurisdiction of the Juvenile Court was waived pursuant to 11 D.C.Code § 914 (1961).[3] After the jury had been sworn, Price's counsel asked the trial court to exercise its discretion under the statute to try Price as a juvenile. The court peremptorily refused.[4]

---

3. 11 D.C.Code § 914 reads:
 "If a child sixteen years of age or older is charged with an offense which would amount to a felony in the case of an adult, or any child charged with an offense which if committed by an adult is punishable by death or life imprisonment, the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such other court may exercise the powers conferred upon the juvenile court in this subchapter in conducting and disposing of such cases."

4. The colloquy between counsel for Price and the court follows:
 "MR. HARRISON: Under the Pee case, Your Honor, Pee vs. United States, this court in its discretion has the right to try Price as a juvenile if you so de-

Under 11 D.C.Code § 914, where jurisdiction of a juvenile is waived for trial in the District Court for a felony, the District Court itself must "make a clear choice between the procedure and processes which it will apply in the case of a juvenile * * *." Pee v. United States, 107 U.S.App.D.C. 47, 51, 274 F.2d 556, 560 (1959). In other words, the District Court may redetermine the question whether a juvenile should be proceeded against as such or tried as an adult offender.[5] In making this determination, the court must consider the individual case before it and not refuse to exercise its discretion because of a preconceived notion that the statute which gives it the right so to do is "foolish" or that the statutory discretion should never be exercised affirmatively "when a person is charged with robbery and rape." The statute itself contains no such restriction and, consequently, it is improper for the trial court to read one in.

We do not, however, remand this case as to Price so that the trial court may exercise its function under the statute. Here counsel for Price did not make his application until after jeopardy in the criminal trial had attached through the impaneling of the jury.[6]

Reversed and remanded as to Franklin. Affirmed as to Brooks and Price.

---

sire. At this time I request that you do so.

"THE COURT: I decline the request because that is a power that I have not exercised because I think it is perfectly foolish for the Juvenile Court to waive jurisdiction on the theory that a person should be tried in the District Court and then the District Court gives juvenile procedures. No, I am not going to reverse or set aside the discretion of the Juvenile Judge, which, in effect, I would be doing. In any event, entirely aside from that, when a person is charged with robbery and rape he should be tried as an adult. Anything else? "MR. HARRISON: No, that is all I have. "THE COURT: Very well, we will proceed."

5. Some guides for this redetermination are found in the purpose of the statutory requirement of a "full investigation" by the

juvenile court. This investigation—upon which attachment of the District Court's jurisdiction depends—"prevents the waiver of jurisdiction as a matter of routine for the purpose of easing the docket. * * * It requires a judgment in each case based on 'an inquiry not only into the facts of the alleged offense but also into the question whether the *parens patriae* plan of procedure is desirable and proper in the particular case.' Pee v. United States, 107 U.S.App.D.C. 47, 50, 274 F.2d 556, 559 (1959)." Green v. United States, 113 U.S.App.D.C. 348, 350, 308 F.2d 303, 305 (1962). See also United States v. Anonymous, D.D.C., 176 F. Supp. 325 (1959). *Cf.* Harling v. United States, 111 U.S.App.D.C. 174, 295 F. 2d 161 (1961).

6. For the proper time and manner of making the application, see Kent v. Reid, 114 U.S.App.D.C. 330, 316 F.2d 331 (1963).