**The STATE of Iowa, Appellee,**

**v.**

**Kenneth DECKLEVER, Appellant.**

**No. 53591.**

Supreme Court of Iowa.

Nov. 12, 1969.

---◇---

Alfred A. Beardmore, Charles City, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Jerry H. Folkers, Asst. County Atty., Osage, for appellee.

MOORE, Justice.

Defendant, Kenneth Decklever, was convicted of the crime of assault with intent to inflict great bodily injury in violation of section 694.6 Code, 1966. Following sentencing he has appealed. We affirm.

The sole issue raised on this appeal is defendant's contention the evidence was insufficient to raise a jury question on the issue of intent to do great bodily harm.

In our most recent case where this question was considered, State v. Schmidt, 259 Iowa 972, 977, 145 N.W.2d 631, 634, supported by citation of many of our earlier cases, we recognized and applied the following well established principles. The crime of assault with intent to inflict great bodily injury is not susceptible of exact definition. It is difficult to define with exactness or definite limitations just what a great bodily injury is. It is an injury to the person of a more grave and serious character than an ordinary battery but it cannot be definitely defined. The gist of the offense is the intent, which is seldom capable of direct proof and ordinarily is disclosed by all the circumstances attending the assault, together with all relevant facts and circumstances as disclosed by the evidence. The extent of the injury, if any, although not in itself determinative of the intent, may be considered as bearing thereon. A person is presumed to have intended the natural result of his intentional act.

Taking the evidence in its most favorable light to the State, as we must do in considering the question before us, the following is a reasonable summary thereof.

Alan Blakestad, age 20, on returning from a date about one a. m. July 5, 1968 while driving between 25 and 30 miles per hour on highway 105 in Mitchell County came up behind a car going very slowly which he passed. Thereafter the car, which Blakestad later learned was driven by defendant, increased in speed and passed Blakestad's vehicle. It again was slowed down and Blakestad again passed it. For the second time defendant increased his speed and passed Blakestad. Defendant, age 20, then drove his car slowly back and forth in the road and when he stopped, Blakestad stopped behind defendant's vehicle. Blakestad locked his car doors when defendant got out and came toward him. Defendant's two companions remained in the car. When defendant tried to open the locked car door he in a loud and angry voice threatened to break the window if Blakestad didn't roll it down. After the window was rolled down defendant reached in and unlocked the door. On Blakestad's refusal to get out defendant took hold of his shirt and started pulling him out. Blakestad then stepped out to the side of his car but said nothing as he did not wish to provoke defendant or have any trouble. Defendant accused Blakestad of driving with his bright lights on. Blakestad had

no recollection of doing so. Defendant took hold of Blakestad's shirt and began pulling him. Blakestad did not attempt to get away and then without warning defendant hit him on the left side of the face with his fist. The next thing Blakestad knew he was stooped over and could feel one of his teeth was gone and he so informed defendant. Blakestad then got into his car and drove home. Defendant testified he helped Blakestad into his car and offered to follow him home but the offer was declined. The two young men were strangers to each other prior to this incident. When he got home Blakestad's jaw was off to one side and badly swollen. He was then taken to a doctor and a hospital where it was determined both his left and right jaws were fractured. One tooth was fractured, others loosened and chipped, and the tissues on the left side of his face were bruised and swollen. At the scene defendant expressed surprise and regret he had broken Blakestad's tooth. Defendant testified he did not intend to injure Blakestad seriously.

Applying the above stated principles to the facts here we conclude the trial court did not err in submitting to the jury the question of whether defendant's admitted assault was made with the intent to inflict great bodily harm. Clearly, a jury question was presented.

Our conclusion is strongly supported by State v. Schmidt, supra; State v. Van, 232 Iowa 34, 2 N.W.2d 748; State v. Crandall, 227 Iowa 311, 288 N.W. 85; State v. Grimm, 206 Iowa 1178, 221 N.W. 804; State v. Dickson, 200 Iowa 17, 202 N.W. 225, in each of which we affirmed convictions of assault with intent to inflict great bodily injury where defendants used only fists.

The judgment entered by the trial court must be and is—

Affirmed.

All Justices concur.