**STATE of Iowa, Appellee,**

v.

**Preston Allen SELLERS, Appellant.**

**No. 55670.**

Supreme Court of Iowa.

Feb. 20, 1974.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Ray A. Fenton, County Atty. for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of breaking and entering in violation of section 708.8, The Code. The appeal tests the sufficiency of the evidence identifying defendant as the one who broke into a Des Moines home. We affirm.

Upon defendant's contention a verdict should have been directed for him we consider the evidence in the light most favorable to the State and accept all reasonable inferences tending to support the verdict. State v. Cowman, 212 N.W.2d 420 (Iowa 1973); State v. Jellema, 206 N.W.2d 679 (Iowa 1973); State v. Myers, 215 N.W.2d 262 (Iowa 1974).

Robert McPhee and his wife left their home from five p. m. to eleven p. m. November 15, 1971. During this period the home was broken into and several objects were stolen. The only evidence directly tying defendant to the crime consisted of right and left thumbprints. The prints were those of the defendant.

The McPhee home has an enclosed front porch which has eight windows. During the McPhee's absence the porch had been entered (the front porch door was standing open when the McPhees returned) and pry marks had been made on a locked door and window which led from the porch to the house. Items inside the window were disturbed in such a way as to indicate an attempt to open the window.

Near the top of the bottom part of this window were prints which an expert thought indicated the outline of a hand. From this outline the expert lifted what he later identified as defendant's thumbprints. The fingerprints were smudged beyond recognition. The expert testified he thought the smudging resulted from pressure exerted in sliding the hands upward.

The entire house had been painted the preceding June, tending to support the McPhees' belief all pry marks had been made during their absence on the night in question. The McPhees had washed their windows within the month preceding the break-in.

Entry was not made through the front porch, but from the rear of the house. It was not clear whether actual entry was made through the back door which had similar pry marks or through an adjacent back basement window. The McPhees were unacquainted with defendant and had not given him or anyone permission to enter their porch or house on the evening in question. Because of the size of the enclosed porch there was no way the prints could have been placed on the window by a passer-by. The person placing them had to enter the porch and walk across it.

Defendant took and preserved the position the thumbprints on the window inside the front porch were insufficient to prove him the intruder who broke into the rear of the house. We disagree.

I. The parties seriously dispute only the application of the governing rules, not their substance. Mere presence at the scene of a crime does not prove a defendant committed the offense. State v. Jellema, 206 N.W.2d 679 (Iowa 1973). Evidence this defendant was the one who broke into the house is circumstantial. In State v. Jellema we said:

"Where, as in the present case, all evidence connecting the accused with the alleged crime is circumstantial, this court has consistently adhered to the principle that circumstantial evidence on each and every essential element to conviction is sufficient to warrant a finding of guilt if it satisfies the jury beyond a reasonable doubt. Circumstantial evidence may be equal in value to and sometimes more reliable than direct evidence. However, where circumstantial evidence alone is relied on as to any one or more of the essential elements the circumstance or circumstances must be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of defendant's innocence and so convincing as to exclude a reasonable doubt that defendant was guilty of the offense charged. Like direct evidence it must raise a fair inference of guilt, generating something more than suspicion, or speculation or conjecture. (Authorities)." 206 N.W.2d at 681.

■ Under the proper procedures fingerprints are admissible as evidence of identification. State v. Steffen, 210 Iowa 196, 230 N.W. 536. See also United States v. Cary, 152 U.S.App.D.C. 321, 470 F.2d 469 (1970). The question of whether evidence of fingerprints, standing alone, is sufficient to sustain a conviction will depend on the facts in each given case. United States v. Cary, supra; Borum v. United States, 127 U.S.App.D.C. 48, 380 F.2d 595 (1967); Stevenson v. United States, 127 U.S.App.D.C. 43, 380 F.2d 590 (1967); Annot., 28 A.L.R.2d 1115, 1150.

■ In this case there was ample evidence the crime was committed. There was sufficient evidence defendant was at the scene. The time during which defendant's prints had to be placed on the window was limited. There was also evidence which limited the time during which the pry marks were placed both on the front and on the rear of the house. The evidence clearly supports the inference defendant had placed his hand on the window during the unsuccessful attempt to enter the home from the porch. The similarity between the pry marks there and at the rear of the house tend to connect defendant with the successful, forced entry.

The case against defendant is further strengthened by the design and enclosed nature of the porch. Defendant's presence there is more than merely suspicious. He could not, as we have said, have been a mere passer-by at the time he placed his prints on the window. It amounted to more than mere presence at the scene of a crime.

Bearing in mind defendant was unknown to the McPhees we believe a jury question was presented on his identification as the one who broke into the home. Since this is defendant's sole basis for appeal his conviction is

Affirmed.