**STATE of Iowa, Appellee,**

v.

**Donald A. PETSCHE, Appellant.**

No. 56377.

Supreme Court of Iowa.

June 26, 1974.

D. Michael King, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Robert J. Curnan, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant was charged with the crime of assault with the intent to murder. See § 690.6, The Code. The jury found him guilty of assault with intent to inflict great bodily injury. See § 694.6, The Code.

After a tavern argument with one Anthony Kammerude, defendant followed him from the premises; pulled a knife and was backing Kammerude down the street when the victim, Robert Dunkel, intervened. Defendant spun around and stabbed Dunkel in the chest. During the ensuing scuffle defendant continued to wield the knife and stabbed Dunkel in the thigh.

Defendant claims trial court erred in overruling his motions for a directed verdict and a new trial. He asserts the State's evidence failed to generate a jury issue on the necessary element of defendant's specific intent to inflict great bodily injury.

On a defendant's appeal from a criminal conviction challenging the sufficiency of the evidence to sustain the jury's verdict, the evidence is viewed in the light most favorable to the State and we accept as established all reasonable inferences tending to support the jury's action. State v. Sellers, 215 N.W.2d 231 (Iowa 1974); State v. Cowman, 212 N.W.2d 420, 422 (Iowa 1973); see rule 344(f)(2), Rules of Civil Procedure. The general rules governing review of a question on the sufficiency of the evidence are summarized in State v. Reeves, 209 N.W.2d 18, 21 (Iowa 1973) and need not be repeated here.

On the specific issue of whether the State failed to prove defendant's criminal intent to inflict great bodily injury we said in State v. Decklever, 172 N.W.2d 109 at 110 (Iowa 1969):

"The gist of the offense (of assault to inflict great bodily injury) is the intent, which is seldom capable of direct proof and ordinarily is disclosed by all the circumstances attending the assault, together with all relevant facts and circumstances as disclosed by the evidence. The extent of the injury * * * may be considered * * *. A person is presumed to have intended the natural result of his intentional act."

Defendant testified he did not know Dunkel personally and the initial wound (which pierced the heart) was merely the result of a reflex action on his part. These facts, he contends, negate any claim he had the required intent. This argument is less than convincing where, as here, defendant continued to stab at his victim and eventually inflicted another wound. If there is any substantial evidence reasonably supporting the charge, the verdict should not be directed. State v. Young, 211 N.W.2d 352, 354 (Iowa 1973). Trial court did not err in submitting the issue to the jury.

Affirmed.