**STATE of Iowa, Appellee,**

v.

**Willard Ray GRAHAM, Appellant.**

No. 1–56471.

Supreme Court of Iowa.

Aug. 28, 1974.

Loren Thomas Hora, of Davenport, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant Willard Graham was convicted by a jury of embezzlement by bailee in violation of § 710.4, The Code, and was sentenced to prison for a term not to exceed five years. We affirm the judgment.

On January 24, 1973, defendant, accompanied by an unidentified female companion, approached salesman Lem Hovey on the Schwind-Boeker Buick used car lot in Davenport and asked to look at station wagons. The couple was shown three cars, became interested in the third (valued at $3495) and, after inspecting it, inquired as to how well it operated. Mr. Hovey told them they could test drive it around the block but he could not accompany them because it was almost closing time and he was the only salesman on the lot. The couple took the car off the lot with defendant driving. It was never returned. When defendant was arrested on February 5, 1973, he had in his possession a set of keys to the station wagon. Additional facts will be noted as they become relevant.

■ I. Defendant, appealing, first asserts trial court erred in failing to dismiss the case *sua sponte* pursuant to the speedy trial provisions of § 795.2, The Code. This contention is wholly without merit. In State v. Myers, 215 N.W.2d 262 (Iowa 1974), we held trial court is under no obligation to dismiss a case on its own motion under § 795.2 if defendant is either admitted to bail or represented by counsel. The clerk's transcript in this case shows counsel was appointed for defendant nearly three months before trial.

Additionally, it is clear defendant was not entitled to dismissal under § 795.2 even if proper application had been made. Defendant was informed against on February 26, 1973. His counsel made demand for speedy trial on April 23, 1973. Trial commenced April 30, 1973. Defendant relies on State v. Gorham, 206 N.W.2d 908 (Iowa 1973), which eliminated demand as a sole requirement and held the State under § 795.2, The Code, must bring accused to trial within 60 days after indictment or, absent a showing of good cause for delay, suffer dismissal. But *Gorham,* by its own language, is prospective only and thus inapplicable to the case *sub judice*.

■ Defendant is protected by the *Gorham* rule only if he properly challenged the demand-waiver rule below or if the county attorney's information was filed after date of the Gorham decision (April 25, 1973). State v. Gorham, supra at 913. Neither of these conditions was met. We therefore apply the pre-Gorham demand-waiver rule. State v. Johnson, 216 N.W.2d 335 (Iowa 1974). That rule required a defendant, if represented by counsel or free on bail, to demand speedy trial in order to trigger the running of the 60 day period provided in § 795.2, The Code. State v. Peterson, 189 N.W.2d 891, 892–894 (Iowa 1971); State v. Allnutt, 261 Iowa 897, 900–905, 156 N.W.2d 266, 268–271 (1968). In this case trial commenced seven days after defense counsel made speedy trial demand. There was no error in failing to dismiss.

II. Defendant claims trial court erred in refusing to grant defendant's motion for a directed verdict entered when the State rested its case in chief, and renewed at the close of all the evidence. He contends the State failed to prove the requisite element of intent and failed to establish it was defendant, rather than his companion, who embezzled the automobile.

■ On an appeal challenging the sufficiency of the evidence we view the evidence in the light most favorable to the State and accept all reasonable inferences tending to support the verdict. State v. Dewey, 220 N.W.2d 629 (Iowa 1974); State v. Petsche, 219 N.W.2d 716 (Iowa

1974) ; State v. Sellers, 215 N.W.2d 231 (Iowa 1974). If there is any substantial evidence reasonably supporting the charge the cause should be submitted to the jury. State v. Staker, 220 N.W.2d 613 (Iowa 1974) ; State v. Petsche, supra at 717; State v. Pardock, 215 N.W.2d 344, 346 (Iowa 1974). It is necessary to consider only that evidence which would support the verdict. State v. Reeves, 209 N.W.2d 18, 21 (Iowa 1973) ; State v. Schurman, 205 N.W.2d 732, 733 (Iowa 1973).

 Criminal intent is seldom subject to direct proof; it must ordinarily be discerned from the circumstances attending the alleged crime. State v. True, 190 N.W.2d 405, 406 (Iowa 1971) ; see, State v. Brown, 172 N.W.2d 152, 155 (Iowa 1969). Such circumstantial evidence must be sufficient to allow a jury to determine every rational hypothesis of innocence has been negatived. State v. Streit, 205 N.W.2d 742, 745 (Iowa 1973) ; State v. Daves, 259 Iowa 584, 591, 144 N.W.2d 879, 884 (1966). It is presumed a person intends the natural consequences of his intentional acts. State v. Petsche, supra at 717; State v. Decklever, 172 N.W.2d 109, 110 (Iowa 1969).

The uncontroverted proof in this case is that defendant drove the car off the lot fully aware that he was to return it after driving around the block. Ignoring these instructions, he drove to at least one bar where he drank for a short time. He then proceeded to a private home where he gave the keys to an individual who he became aware was going to have the automobile taken to Illinois. Twelve days later, when defendant was arrested, he possessed a set of keys to the stolen car.

 Our cases require circumstantial evidence, like direct evidence, must generate more than mere suspicion, speculation or conjecture in order to create a jury question. State v. Jellema, 206 N.W.2d 679, 681 (Iowa 1973) ; State v. Bone, 201 N.W.2d 80, 81 (Iowa 1972). The evidence adduced at trial created a fair inference defendant intended to convert the property to his own use. The jury so found and we are bound by that decision as it is substantially supported by the record. See, State v. Jellema, supra at 681; State v. Cartee, 202 N.W.2d 93, 96 (Iowa 1972).

Defendant asserts trial court erred in refusing to direct a verdict because the State failed to prove defendant, rather than his female companion, embezzled the car, citing our recent holding in State v. Williams, 179 N.W.2d 756 (Iowa 1970). The facts of that case are important. Williams and his father made arrangements to use gilts and boars (owned by a partnership) for purposes of breeding. After delivery of the swine Williams' father died, as did the partner who had made all of the arrangements. At a later date a new partner made demand for return of the hogs. Williams refused, claiming they had been returned to the deceased partner. Williams was indicted and convicted of embezzlement by bailee and we reversed. We did so because the State failed to introduce proof in two vital areas. First, there was no substantial evidence refuting defendant's contention the deceased partner had reclaimed the pigs. Without such proof there could be no embezzlement. Second, there was no evidence defendant's father had not disposed of the pigs. Thus, no affirmative proof pointed to Williams.

In the instant case, no such lack of proof exists. All of the facts cited above, drawn from defendant's own testimony, amply support the conclusion it was he, not his mysterious companion, who perpetrated each act necessary to constitute the crime charged. Defendant testified at length without intimating she participated in the disposition of the auto. His belated theory on appeal, patterned after *Williams,* supra, is without evidentiary support.

There was substantial evidence from which the jury could determine beyond a reasonable doubt the crime had been committed and defendant committed it. Trial court rightly refused to direct a verdict for defendant.

Affirmed.