241 F.2d 116
 Myrtle Mary MILLER, Infant by Edward Miller her Guardian ad
Litem, and Edward Miller, Individually,
Plaintiffs-Appellants,
v.
The DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY,
Defendant-Appellee.
 No. 197, Docket 24315.
 United States Court of Appeals Second Circuit.
 Argued Jan. 23, 1957.
Decided Feb. 14, 1957.
 
 John Francis Noonan, Rochester, N.Y., for plaintiff-appellants.
 Sayles & Evans, and Pierre W. Evans, Elmira, N.Y., for defendant-appellee.
 Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.
 LUMBARD, Circuit Judge.
 
 
 1
 The guardian and father of a nine year old girl sues on behalf of himself and his daughter for injuries which the child sustained when she was struck by a Diesel locomotive on the railroad's right of way near Perkinsville, New York. The railroad is a Pennsylvania corporation and was sued in the federal court because of diversity of citizenship.
 
 
 2
 There is substantial evidence in the record from which the jury could have found these facts: Accompanied by her brother, Myrtle Miller was walking along the eastbound track journeying from her home westward toward Perkinsville, N.Y. The freight train which struck the child had just left a siding traveling on the westbound track at a speed of about 5 miles per hour. When she saw the train approaching, the girl attempted to cross the tracks in front of it while it was only 20 feet away. She tripped on the outside rail and the freight struck her leg.
 
 
 3
 Testimony was introduced to show that because of the construction of the Diesel locomotive the engineer would be unable to see anyone of the girl's size for a distance of 50 feet from the front of the locomotive.
 
 
 4
 This appeal is based on several grounds: That the verdict is not supported by the evidence; that the trial judge committed error in his charge; and that the plaintiff's motion for a new trial should have been granted because two jurors were guilty of concealment in not relating, when questioned on the voir dire, that their fathers were retired New York Central employees.
 
 
 5
 That the evidence supported the verdict of the jury is too clear to require further comment.
 
 
 6
 Nor do we find error in the charge of the district judge for it correctly stated the applicable law of New York regarding the duty which the railroad owed to Myrtle Miller under the circumstances. Clearly the infant was a trespasser, Zambardi v. South Brooklyn Ry. Co., 1939, 281 N.Y. 516, 24 N.E.2d 312, and the only duty which the railroad owed her was to abstain from affirmative acts of negligence. Mayer v. Temple Properties, 1954, 307 N.Y. 559, 122 N.E.2d 909. And the 'Last Clear Chance' doctrine, contrary to appellant's contention, would be inapplicable unless the jury found that the engineer had actual knowledge, or negligence so reckless as to betoken indifference to knowledge of the infant's danger at a time when the accident could have been averted. Chadwick v. City of New York, 1950, 301 N.Y. 176, 93 N.E.2d 625; Kumkumian v. City of New York, 1953, 305 N.Y. 167, 111 N.E.2d 865.
 
 
 7
 In any event, since the appellants lodged only the most general objection to the charge, not specifying their reason for it then, nor making their position known to the district judge at any other time, Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., would preclude them from raising these issues here.
 
 
 8
 In support of his motion for a new trial, the plaintiff's attorney submitted his own affidavit in which he claimed that he had asked the prospective jurors whether any members of their families were or ever had been employed by any railroad company. On the other hand, two of the defendant's attorneys swore that the examination of the jurors had related only to relatives who were employed by the Lackawanna Railroad. Judge Burke in his decision denying the motion expressly found that the two jurors were not guilty of concealment or evasion in answering questions propounded to them by plaintiff's counsel. Where no stenographic record was made of what transpired, we must give controlling weight to the trial judge's decision on the conflicting affidavits. Federal Practice, Moore (2d ed.) Vol. 6 § 59.15(4) p. 3913; cf. also United States v. Johnson, 1946, 327 U.S. 106, 111 et seq., 66 S.Ct. 464, 90 L.Ed. 562.
 
 
 9
 Affirmed.