Thomas E. PETERS, Appellant,

v.

UNITED STATES of America, Appellee.

Kenneth F. MILLS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 15546, 15998.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 22, 1960.

Decided July 12, 1962.

Petition for Rehearing En Banc in No. 15998 Denied En Banc Sept. 20, 1962.

Mr. Henry F. Eaton, Washington, D. C. (appointed by this court), for appellant in No. 15546. Mr. DeWitt T. Yates, Washington, D. C. (also appointed by this court) was on the brief for appellant in No. 15546.

Mr. Peter R. Cella, Jr., Washington, D. C., with whom Mr. Lyman S. Hulbert, Washington, D. C. (both appointed by this court), was on the brief, for appellant in No. 15998.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., at the time brief was filed, and Mr. Carl W. Belcher, Asst. U. S. Atty., at the time brief was filed, were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee in No. 15998.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

### PER CURIAM.

We have reviewed the cases in light of appellants' contentions with respect to the validity of their convictions of robbery, defined in 22 D.C.Code § 2901 (1961), but find no error which justifies setting aside the convictions.

However, we conclude that the procedure followed by the trial judge in imposing sentences was erroneous. Appellant Peters was twenty-one years of age, and Mills nineteen. Each was given the maximum sentence, imposed just after the verdicts were rendered. The vacation of these sentences at the suggestion of the United States and the reimposition thereafter of the same sentences was not curative of the procedure followed.

We conclude that the appropriate remedy, see 28 U.S.C. § 2106, is that the sentences be vacated, followed by presentence investigations and reports as authorized by Rule 32(c) Fed.R.Crim.P., 18 U.S.C., with opportunity to defendants and their counsel to make statements and present information in mitigation of punishment, as authorized by Rule 32(a) Fed.R.Crim.P., before final decision as to the sentences to be imposed.

It is so ordered.

### EDGERTON, Circuit Judge.

Since the court is affirming the convictions, I agree that the defendants must be resentenced. But I would reverse the convictions. As I read the record, the judge erroneously told the jury that robbery was clearly proved and also that the defendants had confessed. I cannot say these errors were not prejudicial.