**Harry BERENTER, Appellant,**
v.
**Ruth E. STAGGERS et al., Appellees.**
No. 19987.

United States Court of Appeals
District of Columbia Circuit.

Argued May 12, 1966.

Decided May 26, 1966.

Mr. Mark P. Friedlander, Jr., Washington, D. C., with whom Messrs. Mark P. Friedlander, Blaine P. Friedlander, Washington, D. C., Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Mr. Leonard C. Collins, Washington, D. C., for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and DANAHER, Circuit Judges.

PER CURIAM:

The District Court dismissed this appellant's complaint to enforce a mechanic's lien against premises located at 501 D Street, N. W. in the District of Colum-

bia. He had alleged that the owner of the property, decedent, John W. Staggers, "by and through his agent and lessee, Diana Auger engaged" the appellant's services in remodeling and repairing the premises for use as a restaurant "known as Colonial Inn." His complaint further alleged that the decedent Staggers "by and through his agent, agreed to pay" for the labor and materials. The agreement was oral.

D.C.CODE § 38-111 (1961) provides that if "the right of the complainant * * * to the lien * * * shall be established, the court shall decree a sale of the land and premises or the estate and interest therein of the person who, as owner, contracted [for the work done]." The District Judge found that there had been no testimony to establish that Diana Auger was the agent of the deceased; that the appellant's testimony had been inconsistent, contradictory and improbable on the issue of whether or not the deceased agreed to pay for the work. The trier refused to accept as "creditable the testimony of the plaintiff that the deceased himself promised to pay for this work and materials." Additionally, the findings are specific that "the testimony of the plaintiff that the deceased promised to pay for the labor and materials was not corroborated by the ambiguous testimony of * * * the only other witness, to the effect that the deceased would take care of the matter and see to it that Berenter got his money."[1] We have been asked to set aside the order of dismissal on the ground that the record as a whole would demonstrate error on the part of the trial judge. Our examination leads us to conclude, however, that the trial judge did not err[2] in granting the appellees' motion for involuntary dismissal.

The judgment is

Affirmed.

1. Compare D.C.CODE § 14-302 (1961).

2. Certainly error is not to be presumed but must be made affirmatively to appear by the party asserting it, Wabash Ry. Co. v.

Bridal, 94 F.2d 117, 121 (8 Cir.), cert. denied 305 U.S. 602, 59 S.Ct. 63, 83 L. Ed. 382 (1938); cf. T.V.T. Corporation v. Basiliko, 103 U.S.App.D.C. 181, 183, 257 F.2d 185, 187 (1958).