Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Harold J. Rogers, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

This matter came on for consideration on the application of petitioner, through his counsel, Harold J. Rogers, Esq., for relief under the provisions of 28 U.S.C. § 2255. More specifically, counsel alleged that the sentence imposed under the provisions of the Youth Correction Act should be vacated and set aside for the reason that petitioner was not accorded representation by counsel at the time of his waiver by the Juvenile Court. Petitioner relies largely on the decision of the United States Supreme Court in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Petitioner also relies on the decision of the Court of Appeals in Black v. United States, 122 U.S.App.D.C. 393, 355 F.2d 104 (1965).

■ The Court is confronted with the question whether the decision of the Supreme Court in *Kent* is retroactive. In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Supreme Court set forth the basis on which retroactivity is determined. Retroactivity, at least in part,

**UNITED STATES of America**

v.

**Waverly W. WILKERSON, Jr.**

Cr. No. 522–65.

United States District Court
District of Columbia.

Jan. 5, 1967.

depends upon whether the evidence in question is reliable and ·relevant.[1] In each instance where the retroactive application was justified, the Court emphasized that the very integrity of the fact-finding process was involved.[2] Thus, in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), where the rule was determined to be retroactive, it is necessary that the Court determine whether confessions or admissions sought to be introduced in evidence by the Government are voluntary or otherwise. The right of representation by counsel *at trial* was applied retroactively in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The Court stressed that retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Again, the Court emphasized the question whether a constitutional rule of criminal procedure does or does not enhance the reliability of the fact-finding process at trial is necessarily a matter of degree. Retroactive effect was given to Jackson v. Denno, supra, because confessions are likely to be highly persuasive with a jury, and if coerced they may well be untrustworthy by their very nature. In Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), retroactive effect was denied despite the fact that comment on the failure to testify may sometimes mislead the jury concerning the reasons why the defendant has refused to take the witness stand. The Court in *Johnson*, supra, concluded:

"We are thus concerned with a question of probabilities and must take account, among other factors, of the extent to which other safeguards are available to protect the integrity of the truth-determining process at trial."[3]

For these reasons, the Supreme Court declined to make the rule stated in *Escobedo*[4] and *Miranda*[5] retroactive. The Court also mentioned the practical consideration that to give retroactive consideration to *Escobedo* and *Miranda* would seriously disrupt the administration of our criminal laws. "It would require the retrial or release of numerous prisoners found guilty by trustworthy evidence in conformity with previously announced constitutional standards."[6]

Judge Youngdahl of this Court, in Mordecai v. United States, 252 F. Supp. 694 (1966), was concerned with precisely the same question that is now raised on behalf of the petitioner by his counsel. He declined to give retroactive effect to the decisions on which counsel relies. The Court has considered Judge Youngdahl's opinion and concurs with the reasoning expressed therein. See particularly Page 703:

"To upset Mordecai's conviction—and those of others like him who were waived [by the Juvenile Court] without counsel—will have a disruptive effect in this jurisdiction similar to the one which the Court attempted to avoid in *Linkletter* and *Tehan* [Tehan v. United States, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453].

"Moreover, the right recognized in *Black* is not one related to the truthfulness of the guilt-determining process. The presence of counsel at a waiver hearing would seem to have even less to do with the 'fairness of the trial—the very integrity of the fact-finding process,' Linkletter v. Walker, supra, 381 U.S. 618, at 639, 85 S.Ct. 1731, at 1743, 14 L.Ed.2d 601—than the rule forbidding prosecutors to comment on the accused's failure to testify which was considered in *Tehan* and found not to be aimed at

---

1. Johnson v. State of New Jersey, 384 U.S. 719, 727, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

2. Id. 384 U.S. at 728, 86 S.Ct. 1772.

3. 384 U.S. at 729, 86 S.Ct. at 1779.

4. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

5. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6. 384 U.S. at 731, 86 S.Ct. at 1780.

guaranteeing a fair trial." (Words in brackets added.)

Nor does consideration of the *Black* decision require the Court to apply it other than prospectively. Judge Youngdahl said, with respect to this rule, that although it was properly a subject for future application, it should not be available to reverse convictions following fair trials long after they have become final. Accordingly, the petition for relief under the provisions of Title 28, § 2255, U.S. Code, will be denied.