**UNITED STATES of America, Appellant,**

v.

**Rudolph V. TATE, a/k/a Rudy V. Tate. No. 71–1019.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 14, 1972.

Decided Aug. 3, 1972.

Mr. Roger M. Adelman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and John F. Evans, Asst. U. S. Attys., were on the brief, for appellant. Messrs. Harold H. Titus, Jr., present U. S. Atty., and Gregory C. Brady, Asst. U. S. Atty., also entered appearances for appellant.

Mr. Ronald J. Wilson, Washington, D. C. (appointed by this court), for appellee.

Before TAMM and MacKINNON, Circuit Judges, and RONALD N. DAVIES,* U.S. Senior District Judge for the District of North Dakota.

TAMM, Circuit Judge:

In this case we are asked to decide whether the district court erred in dismissing the indictment against Rudolph V. Tate, and whether the juvenile court complied with the mandate of a full investigation in the juvenile waiver proceedings in accordance with the teaching in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). We find that error was committed and that the indictment should not have been dismissed. We also find that in its waiver proceeding, the juvenile court judge did in fact comply with the procedures established in *Kent*.

On June 10, 1969, appellee was arrested in connection with the gunshot murder of a Catholic University student. Tate was seventeen years old at the time

defendants in response to the filing of the complaint.

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

and was referred to the juvenile court by the police. Following a detention hearing on June 11, 1969, the juvenile court judge ordered that a waiver proceeding be initiated pursuant to 11 D.C. Code § 1553.[1] On September 30, 1969, a waiver hearing was held to determine whether jurisdiction over appellee should be waived to the district court. At the hearing, the juvenile court judge had before him extensive memoranda from appellee's counsel outlining an alternative plan to waiver of jurisdiction. On October 16, 1969, the juvenile court judge issued an order waiving jurisdiction over appellee. A Statement in Support of Waiver Order was filed along with the order. This statement contained a detailed summary of Tate's legal and social records before the juvenile court and provided a predicate for granting waiver of jurisdiction to the district court.

On January 20, 1970, the grand jury returned a five count indictment against Tate and another youth, charging first degree murder (22 D.C.Code § 2401), second degree murder (22 D.C.Code § 2403), attempted robbery (22 D.C.Code § 2902), and committing a violent crime while armed (22 D.C.Code § 3202). In addition, Tate was charged with carrying a concealed dangerous weapon in violation of 22 D.C.Code § 3204.

Appellee filed a motion in the district court to dismiss the indictment, or in the alternative for the district court to convene itself as a juvenile court pursuant to 11 D.C.Code § 1553. The district court judge remanded the case to the juvenile court for further action. The basis for this remand was the belief of the district judge that a full investigation had not taken place and the waiver order lacked specificity. The juvenile court judge declines to reassume jurisdiction having already ruled on the issue of waiver and believing that the juvenile court no longer had jurisdiction over appellee. The juvenile court judge stated that he could entertain no further proceedings relating to our appellee. After considering the action of the juvenile court, the district court judge issued an order dismissing the indictment. The district court judge again remanded the case to the juvenile court for further proceedings on the issue of waiver citing Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) and Black v. United States, 122 U.S.App.D.C. 393, 355 F.2d 104 (1965). The government sought a stay of this order which was granted by the district court judge.

■ Appellee contends that the waiver order from the juvenile court lacked the requirements of specificity and full investigation enunciated in Kent v. United States, *supra*:

> [The Juvenile Court] must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not "assume" that there are adequate reasons, nor may it assume that "full investigation" has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. . . . [T]he statement should be sufficient to demonstrate that the statutory re-

---

1. 11 D.C.Code § 1553 (1967) provides:
   When a child 16 years of age or older is charged with an offense which if committed by a person 18 years of age or over is a felony, or when a child under 18 years of age is charged with an offense which if committed by a person 18 years of age or over is punishable by death or life imprisonment, a judge may, after full investigation, waive jurisdiction and order the child held for trial under the regular procedure of the court which would have jurisdiction of the offense if committed by a person 18 years of age or over; or the other court may exercise the powers conferred upon the Juvenile Court by this chapter and subchapter I of chapter 23 of Title 16 in conducting and disposing of such cases.

   Under the District of Columbia Court Reform and Criminal Procedure Act of 1970, the transfer of a child for criminal prosecution is now governed by 16 D.C. Code § 2307 (Supp. V 1972).

quirement of "full investigation" has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.

383 U.S. at 561, 86 S.Ct. at 1057.

This court believes that the juvenile court judge complied with the mandate of *Kent*. The Statement in Support of Waiver Order sets forth with acute particularity the relevant considerations for full investigation which the juvenile court relied on in waiving jurisdiction over appellee. The Statement in Support of Waiver Order concluded:

> Respondent's prior record, his age and sophistication, and his alleged conduct in connection with his current charges, convince the Court that he should be waived to the U.S. District Court to be tried as an adult. Accordingly, *on the basis of all the available information and after full investigation* the Court waives jurisdiction over the respondent. . . . (Emphasis added)

As this court stated in Creek v. Stone, 126 U.S.App.D.C. 329, 334, 379 F.2d 106, 111 (1967):

> [The juvenile] court is rightly vested with a broad range of discretion in light of its professional expertise. The essence of expertise and discretion is an informed choice between alternatives. When the expert discretion of the Juvenile Court is exercised with knowledge of the salient facts, its exercise of discretion will not be disturbed absent clear abuse.

This court believes that absent a showing of abuse of discretion by the juvenile court judge, the actions taken by him give rise to a presumption of regularity. "All possible presumptions are indulged in to sustain the action of the trial court." Strickland v. United States, 146 U.S.App.D.C. 55, 57, 449 F. 2d 1131, 1133 (1971); T.V.T. Corporation v. Basiliko, 103 U.S.App.D.C. 181,

183, 257 F.2d 185, 187 (1958), *citing* In re Chapman Coal Co., 196 F.2d 779 (7th Cir. 1952). *See also,* Mercantile Trust Co. v. Hensey, 205 U.S. 298, 306, 27 S. Ct. 535, 51 L.Ed. 811 (1907); Berenter v. Staggers, 124 U.S.App.D.C. 141, 142 n.2, 362 F.2d 971, 972 n.2 (1966); In re Ripp, 242 F.2d 849, 851 (7th Cir. 1957); Miller v. Delaware, Lackawanna and Western Railroad Co., 241 F.2d 116, 118 (2d Cir.), cert. denied, 354 U.S. 923 (1957).

■ This court held in Haziel v. United States, 131 U.S.App.D.C. 298, 302, 404 F.2d 1275, 1279 (1968):

> The child's advocate should search for a plan, or . . . range of plans, which may persuade the court that the welfare of the child and the safety of the community can be served without waiver.

The juvenile court judge must consider alternatives to criminal proceedings. In this case the juvenile court judge had before him appellee's complete legal and social history. In Watkins v. United States, 119 U.S.App.D.C. 409, 413, 343 F.2d 278, 282 (1964) we held that:

> All of the social records concerning the child are usually relevant to waiver since the Juvenile Court must be deemed to consider the entire history of the child in determining waiver.

This court in Green v. United States, 113 U.S.App.D.C. 348, 350, 308 F.2d 303, 305 (1962), *quoting* Pee v. United States, 107 U.S.App.D.C. 47, 50, 274 F. 2d 556, 559 (1959) held:

> ". . . an inquiry not only into the facts of the alleged offense but also into the question of whether the *parens patriae* plan of procedure is desirable and proper in the particular case."

Appellee contends that the Order Waiving Jurisdiction and the Statement in Support of Order Waiving Jurisdiction failed to reflect reasonable alternatives to criminal proceedings. We do not agree. Counsel for appellee prepared a Memorandum in Support of Re-

tention of Jurisdiction which set out in detail a prepared plan for rehabilitation. This memorandum was before the juvenile court judge when he considered the prospects for rehabilitation of appellee and the needs of the community.

As we stated in Strickland v. United States, *supra,* 146 U.S.App.D.C. at 58, 449 F.2d at 1134:

> [I]f the recitals in the waiver order itself are to be considered inadequate on their own merit for the purpose of certifying that the basic procedural standards had been met, such a consideration would have to be negated by the dictates of pure logic and common sense by considering the content of the "Statement in Support of Waiver . . ."

In conclusion, to affirm the decision of the district court that the Order Waiving Jurisdiction and the Statement in Support of the Order Waiving Jurisdiction lacked the specificity mandated by *Kent* would be an injudicious act. In *Strickland* we stated:

> A remand to consider whether the waiver was valid is, in our opinion, a meaningless pantomine carried on for the sake of tradition despite what is a completely adequate and finalizing record.

Strickland v. United States, *supra,* 146 U.S.App.D.C. at 57, 449 F.2d at 1133.

While this court is not insensitive to pleas of injustice and procedural irregularities, we cannot sustain such allegations where they are not supported by the record. Procedural irregularities and pleas of injustice are hardcore concepts which are not found simply by the incantation of those words by counsel. We appreciate the role of the attorney in this litigation but are powerless to create the phantom infirmities which would be required to affirm the district court in this case. The order of the district court dismissing the indictment against appellee must be vacated and the cause remanded for further proceedings not inconsistent with this opinion.

The judgment is reversed and remanded for further proceedings.