Russell THIBODEAU, Petitioner,

v.

COMMONWEALTH OF
MASSACHUSETTS,
Respondent.

No. CA 75–4586–T.

United States District Court,
D. Massachusetts.

March 9, 1977.

Russell Thibodeau in pro. per., Moulton & Looney, Albert F. Cullen, Boston, Mass., for petitioner.

Kathleen King Parker, Asst. Atty. Gen., Boston, Mass., for respondent.

## MEMORANDUM

TAURO, District Judge.

This is an action brought by a state court prisoner, pleaded both as a petition for habeas corpus under 28 U.S.C. § 2241 and as a civil rights action under 42 U.S.C. § 1983. The case is now before the court on the merits.[1] The court denies his petition for the reasons set forth below.

There is no factual dispute. Both petitioner and respondent accept the statement of facts set out in the opinion of the Supreme Judicial Court denying the petitioner's writ of error. *Thibodeau v. Commonwealth,* [1974] Mass.Adv.Sh. 2239, Mass., 319 N.E.2d 712.

Petitioner's basic claim is that the trial judge abused his discretion and deprived the petitioner of due process of law by the manner in which he imposed sentence. First, he charges that the trial judge, after finding that the petitioner should be "seriously considered for examination, diagnosis and possible confinement and treatment under the provisions of . . . [Mass.Gen. Laws ch. 123A, §§ 4 and 5]", should have sentenced him to undergo tests at the Treatment Center to determine whether or not he was a sexually dangerous person, instead of sentencing him to a term of incarceration at MCI Walpole.[2] Petitioner

1. This case was referred to Magistrate Princi on May 4, 1976 with respect to the need for an evidentiary hearing. On June 17, 1976, respondent filed its motion to dismiss. The magistrate heard the matter on September 7, 1976. Both parties agreed that an evidentiary hearing was not necessary, and submitted memoranda setting out their contentions of law. Consequently, the court will treat the case as submitted on the merits.

2. Mass.Gen.Laws ch. 123A, §§ 4 and 5 state, in relevant part:
   § 4. Commitment to treatment center; examination; probation record
   Upon the determination of guilt of a person in the superior court of the crime of indecent assault or indecent assault and battery, indecent assault and battery on a child under the age of fourteen, rape, rape of a female child under sixteen, carnal knowledge and abuse of a female child under sixteen, assault with intent to commit rape, open and gross lewdness and lascivious behavior, incest, sodomy, buggery, unnatural and lascivious acts with another person or with a child under the age of sixteen, lewd, wanton lascivious behavior or indecent exposure, or an attempt to commit any such crime, the court, upon its own motion, or upon motion of the district attorney, prior to imposing sentence, but subject to the issuance of reasonable notice informing such person that it is considering his commitment to the center, may commit him to the center or to a suitable branch thereof for a period not exceeding sixty days for the purpose of examination and diagnosis under the supervision of not less than two psychia-

trists who shall, within said period, file with said court a written report of such examination and diagnosis, and their recommendations for the disposition of such person. The court shall supply to the examining psychiatrists copies of the court record, and the probation officer shall supply them with the probation record of the person committed for examination. The probation record shall contain a history as such person's previous offences and previous psychiatric examinations and such other information as may be helpful to assist such psychiatrists in making their diagnosis.
   § 5. Sentencing; commitment to treatment center; hearing; probation
   If the report filed with the court under section four clearly indicates that such person is a sexually dangerous person, the court shall give notice to such person that a hearing will be held to determine whether or not he is a sexually dangerous person.

   \* \* \* \* \* \*

   If the court finds upon such hearing that the person is not a sexually dangerous person, it shall proceed as provided by law upon a determination of guilt of the original offence. If the court finds that the person is a sexually dangerous person, it may, in lieu of the sentence required by law for the original offence, commit such person to the center, or a branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life. The court may grant probation or suspend the commitment upon the condition that such person receive out-patient treatment and upon any other

alleges that the trial judge should not have relied on the recommendations of a psychiatric report in deciding to sentence him to a lengthy period of criminal incarceration.

Respondent's motion to dismiss is based on three claims: 1) petitioner failed to exhaust his state court remedies as to each and every claim; 2) the petition failed to join as respondent an indispensable party under Fed.R.Civ.P. 19; and 3) petitioner failed to state a claim upon which relief can be granted.

## I

■ Respondent's contention that petitioner has failed to exhaust state court remedies lacks merit. To the extent that the action is regarded as arising under § 1983, there is no requirement that state remedies be exhausted. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Alternatively, if the action is treated as a petition for habeas corpus, state court remedies have been adequately exhausted. Although the petitioner did not file a habeas petition in the state court, he did raise claims identical to those raised here in his petition for a writ of error to the Supreme Judicial Court. *Thibodeau v. Commonwealth, supra.* In that case, the highest court of the Commonwealth considered and rejected petitioner's claims. The exhaustion doctrine does not require repetitious applications to the state courts. Its function is to provide a state court the initial opportunity to pass on and correct alleged violations of constitutional rights. *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Accordingly, "once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

## II

■ The court agrees with the recommendation of the magistrate that the petitioner's failure to name the specific parties in whose custody he is presently held is a technical violation of the rule and should be overlooked. There is no violation of Fed.R. Civ.P. 19 justifying dismissal. The respondent will be treated as petitioner's custodian for the purpose of this action.

## III

The respondent's third argument in his motion to dismiss is that the complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, this court agrees.

### A

■ Petitioner contends that the trial judge committed an error of constitutional proportions in sentencing him to MCI Walpole, instead of assigning him for treatment and diagnosis under Mass.Gen.Laws ch. 123A, §§ 4 and 5. This contention mistakenly presumes that the statutory scheme is mandatory rather than permissive. Under the statutes,[3] it is within the discretion of the trial judge to commit a defendant convicted of one of the enumerated crimes *either* to a criminal sentence or to the Treatment Center. *Gomes v. Gaughan*, 471 F.2d 794, 796 (1st Cir. 1973); *Thibodeau v. Commonwealth, supra*, 319 N.E.2d at 714. The essence of petitioner's claim is that the trial judge's sentence was an abuse of his discretion. The facts compel a contrary conclusion. The record establishes that the trial judge was well aware of his sentencing options and that he determined it to be in the public's best interest that the petitioner be incarcerated. That the judge was aware of the remedial aspect of § 4 is demonstrated by his request that the incarcerating

condition it might deem suitable, if the department of mental health recommends such person as a suitable subject for such out-patient treatment. The court shall forward its order to the commissioner of correction who shall thereupon transfer the person to the

center, or a branch thereof, for the purpose of treatment and rehabilitation, where he shall be held until released under the provisions of section nine.

**3.** *See* note 2.

authorities transfer the petitioner to the Treatment Center as soon as was appropriate.[4] *Id.* 319 N.E.2d at 714.

### B

 Another argument pressed by the petitioner in support of his contention that the judge abused his discretion is that the judge's actions were in violation of the legislature's intention in passing the Sexually Dangerous Persons statutes. It is true, as petitioner contends, that the primary purpose of Mass.Gen.Laws ch. 123A is remedial. Joint Special Committee of the Senate, *Preliminary Report on the Laws of the Commonwealth Relative to the Confinement and Release of Sexually Dangerous Persons,* 1966 Mass.Leg.Doc., Senate No. 914 at 17. That does not imply, however, that traditional sentencing concerns and alternatives have been preempted by the remedial concerns of this statute. A sentencing judge may consider other factors, such as punishment and deterrence, despite the existence of the sexually dangerous offender provisions. In this case, the trial judge demonstrated his sensitivity to both the traditional functions of sentencing and to the remedial aspects of the statute by removing petitioner "from circulation for a substantial period of years", 319 N.E.2d at 713, and yet recommending that the petitioner be transferred for treatment as soon as advisable. *Id.* at 713.

### C

Finally, petitioner argues that the judge abused his discretion by relying on the psychiatrist's report. The trial judge did rely in part on a psychiatric report that found the petitioner to be "highly dangerous" and which stated that he should be "institutionalized for a long period of time," if found guilty. *Id.* at 715. Trial judges are vested with wide discretion in sentencing, and may refer to materials presented to them which do not satisfy traditional evidentiary requirements. *Williams v. Illinois,* 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *Commonwealth v. Celeste,* 358 Mass. 307, 264 N.E.2d 683 (1970). Consequently, the trial judge's consideration of the psychiatric report was not an abuse of his discretion, let alone an error of constitutional magnitude.

### IV

The petition for writ of habeas corpus is denied, in accordance with the attached order issued on February 28, 1977.

---

4. The cases cited by the petitioner in support of his contention that the trial judge failed to exercise his discretion are inapposite. Each of the cited cases involves a reversal of a sentence entered where the trial judge refused to consider factors which he was required by law to take into account in imposing sentence. For example, in *United States v. Daniels,* 446 F.2d 967 (6th Cir. 1971), the Court of Appeals vacated a five year sentence for violation of a selective service order. The judge had imposed the maximum sentence, after indicating that he had always given maximum sentences for that offense, because he believed that the nature of the offense made a maximum sentence appropriate. The Court of Appeals found that these statements by the trial judge were strong evidence that he had refused to exercise the discretion which Congress had intended judges to exercise in imposing sentences, and that he had failed to act in accordance with modern penological principles. *See also, Leach v. United States,* 118 U.S.App.D.C. 197, 334 F.2d 945 (1964). (It was an abuse of discretion for the trial judge to refuse to order that the defendant be given a psychiatric examination, or at least a hearing on his need for a psychiatric examination, where his history showed a pattern of psychopathic recidivism and he requested that such an examination be performed); *Peters v. United States,* 113 U.S.App.D.C. 236, 307 F.2d 193 (1962). (Sentence vacated where the judge had imposed the maximum sentence immediately following entry of the verdict, without a pre-sentence investigation or report); *United States v. Wiley,* 267 F.2d 453 (7th Cir. 1959). (Sentence of commitment vacated where trial judge stated that he would not consider granting probation to defendant since he had chosen to go to trial rather than to plead).